# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| HEATHER SCHOURUP, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRIVATE LABEL NUTRACEUTICALS, LLC, *et al.*<br><br>Defendants. | CV 15-01026 TJH (AJWx)<br><br><br>Amended Order<br>[68] |

The Court has considered Plaintiff Heather Schourup's motion for conditional class certification and preliminary approval of the proposed class settlement, together with the moving and opposing papers.

It is Ordered that the stay in this case be, and hereby is, Lifted.

It is further Ordered that the motion for conditional class certification and preliminary approval of the proposed class settlement be, and hereby is, Granted.

It is further Ordered that:

1. This Order incorporates by reference the term definitions contained in the Settlement Agreement, except for the definitions of "Claim-In Period" and "Notice Date," as those terms are more specifically defined below.

2. It appears to the Court, on a preliminary basis, that the Settlement Agreement is fair, adequate, and reasonable to the putative class members. It appears to the Court that adequate discovery has been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions. It further appears to the Court that settlement, at this time, will avoid substantial additional costs by all parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. It further appears that the Settlement Agreement has been reached as the result of serious, informed, arms-length negotiations with the assistance of a reputable mediator.

3. The Court preliminarily finds that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. Indeed, the Court has reviewed the Settlement Agreement and preliminary finds that the monetary, claim-based relief made available to all Class Members is fair, adequate and reasonable when balanced with against the amount in controversy and potential outcomes of further litigation. Further, the Court preliminarily finds that the injunctive relief provided by the terms of the Settlement Agreement is fair, adequate and reasonable to warn consumers of the actual possible effects of Defendant Private Label Nutraceuticals, LLC's ["PLN"] Products, albeit no changes were made to the ingredient list.

4. For purposes of settlement only, the Court finds that the prerequisites for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3) have been preliminarily satisfied. Joining all Class Members would create a hardship in litigation. Additionally, there is a common question of law as to whether PLN's labels were misleading and, thus, Schourup has alleged a common injury that is typical to the Class as a whole. Further, Schourup's sole interest in the Settlement is a refund; attorneys' fees and Schourup's incentive award, if any, will be paid separately by PLN. Schourup and Class Counsel have zealously represented the Class Members. Finally, the common question of law as to whether PLN's labels were misleading predominates over

any individual questions. The Court, hereby, conditionally certifies the following Class for settlement purposes only:

> All persons who are domiciled or reside in the United States of America, who purchased any of the Products from PLN in the United States for personal use between February 12, 2011, and the Opt-Out Date, and were domiciled or resided in the United States at the time of purchase.

5. Schourup is, hereby, preliminarily appointed and designated, for all purposes, as the Representative Plaintiff. Attorneys Marcus J. Bradley and Kiley L. Grombacher of Bradley Grombacher LLP and Attorney Ronald Hartmann of Hartmann & Kananen are, hereby, preliminarily appointed and designated, for all purposes, as Class Counsel to act on behalf of Schourup and the rest of the Class.

6. Class Counsel is authorized to act on behalf of the Class with respect to all acts or consents required by, or which may be given pursuant to, the Settlement Agreement, and such other acts reasonably necessary to consummate the Settlement Agreement. Any Class Member may enter an appearance through counsel of his or her own choosing and at his or her own expense. Any Class Member who does not enter an appearance, or appear on his or her own, will be represented by Class Counsel.

7. A Final Approval Hearing to determine whether final approval of the settlement will be granted shall be held before this Court on June 3, 2019, at 10:00 a.m., at the United States Courthouse, 350 West First Street, Courtroom 9B, Los Angeles, California 90012. All necessary matters concerning the Settlement Agreement shall be determined at the Final Approval Hearing, including, *inter alia*: (1) Whether the Settlement Agreement is fair, adequate and reasonable and should be finally approved by the Court; wether the monetary relief plan for compensating Class Members, as provided by the terms of the Settlement Agreement, is fair, adequate and reasonable to all Class Members and should be approved by the Court; and (2) Whether Schourup's applications for attorneys' fees, costs and an incentive award are fair,

adequate and reasonable to the Class, and should be finally approved by the Court.

8. The Court, hereby, approves, as to form and content, the Notice and Notice Plan, as set forth in the Settlement Agreement. The Court, further, finds that the proposed Notice and Notice Plan will sufficiently apprise potential Class Members of their rights pursuant to the terms of the Settlement Agreement in accordance with the appropriate constitutional requirements, including those of Due Process.

9. The Court, hereby, appoints JND Class Action Administration to be the Settlement Administrator, as defined by the Settlement Agreement. Further, the Court, hereby, directs the Settlement Administrator to send Notice to Class Members and publish Notice as outlined in the Notice Plan by the date specified below. The Court, also, directs Settlement Administrator to create and maintain a settlement website, as provided by the Notice Plan, by the date specified below.

10. Any Class Member may choose to be excluded from the Class by following the instructions for opting-out set forth in the Notice. Opt-out requests postmarked after the date specified below will not be accepted or recognized as valid. Any person who opts out of the Class will not be entitled to any recovery under the Settlement Agreement and will not be bound by the Settlement Agreement, nor have any right to object, appeal, or comment thereon. Class Members who have not requested to opt out shall be bound by all determinations of this Court, and by the Settlement Agreement, should it receive final approval.

11. Any Class Member may appear at the Final Approval Hearing and may object to or express his or her views regarding the Settlement Agreement, present evidence, or file papers that may be proper and relevant to the issues to be heard and determined by the Court as provided in the Notice, so long as that Class Member has served written objections to the Settlement Agreement, as provided by the Notice, by hand or by first class mail, postmarked by the date specified below. Any Class Member who does not object in the manner provided by the Notice shall be deemed to have waived any obligations and shall be foreclosed from making any objections to the

Settlement Agreement.

12. Any motion made seeking an award of attorneys' fees, costs, or an incentive award must be filed by the date specified below.

13. All papers in support of final approval of the Settlement Agreement shall be filed by the date specified below.

14. The Settlement Agreement is not a concession or admission of liability, and shall not be used against any of the parties as an admission or indication with respect to any claims. Whether or not the Settlement Agreement is fully approved, neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to the Settlement Agreement, nor any reports or accounts thereof, shall in any event be:

   a. Construed as, offered, admitted into evidence as, received as, or deemed to be evidence for any purpose as to the claims or defenses in this Action, including, but not limited to, evidence of a presumption, concession, indication, or admission by any party of any liability, fault, wrongdoing, omission, concession or damage; or

   b. Disclosed, referred to, offered, or received in evidence against any of the parties in any further proceeding in this Action, or in any other civil, criminal or administrative action or proceeding, except for purposes of enforcing the Settlement Agreement.

15. All other deadlines associated with this Action, unless pertaining to the administration of the settlement, are vacated.

16. The following deadlines shall be followed by the parties:

**Class Notice shall be sent by:** February 8, 2019

**Settlement website launched by:** January 9, 2019

| | |
|---|---|
| **Fee and Expense Application:** | **May 6, 2019** |
| **Opt-Out Deadline:** | **April 9, 2019** |
| **Claims deadline:** | **April 9, 2019** |
| **Motions in Support of Final Approval:** | **May 6, 2019** |
| **Final Approval Hearing:** | **June 3, 2019 at 10:00 a.m.** |

17. In the event the Settlement Agreement is not finally approved, is terminated, cancelled, or fails to become effective for any reason, this Order will be vacated, and the parties shall revert to their respective positions as before they entered into the Settlement Agreement.

18. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates provided for in the Settlement Agreement without further notice to Class Members, and shall retain jurisdiction to consider all further applications arising out of or concerned with the Settlement Agreement.

Date: December 17, 2018

_____
Terry J. Hatter, Jr.
Senior United States District Judge